**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ROSILLO and JESSE KOHN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANNIE'S HOMEGROWN INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

CLASS ACTION COMPLAINT

Plaintiffs Lisa Rosillo and Jesse Kohn ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Annie's Homegrown Inc., d/b/a/ Annie's Naturals® ("Annie's Naturals" or "Defendant") for making, marketing, and distributing the Annie's Naturals® salad dressing products identified below.  Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF ACTION

1.      To capitalize on consumer demand for "natural" food products, Annie's Naturals® makes false and misleading "natural" claims about their salad dressing product line in order to sell Annie's Naturals® salad dressing products at a premium price.  Even though Defendant knows that the ingredients in Annie's Naturals salad dressing products are not natural, Defendant continues to make "natural" misrepresentations because Defendant also knows that consumers choose Annie's Naturals® products over other products based on "natural" labeling statements.

2.      To differentiate Annie's Naturals® products from other food products, Defendant makes false and misleading "natural" claims in three places on each of the Annie's Naturals® salad dressing products listed in Exhibit A attached hereto (the "Annie's Naturals® Products" or the "Products").

3.      Based on Defendant's false and misleading "natural" claims, Plaintiffs and the class members they seek to represent, bought Annie's Naturals® Products at a premium price.  Because Plaintiffs and others like them were taken in by Defendant's false "natural" promises, Plaintiffs bring this class action against Defendant to seek a reimbursement of the premium Plaintiffs and the class members paid based on Defendant's misrepresentations.

4.      As a direct and proximate result of Defendant's false and misleading advertising claims and marketing practices, Plaintiffs and the members of the Class and Subclasses, as defined herein, purchased Annie's Naturals® Products.  Plaintiffs and members of the Class and Subclasses purchased Annie's Naturals® Products because they were deceived into believing that Annie's Naturals® Products did not contain synthetic and/or unnatural ingredients.  As a result, Plaintiffs

and members of the Class and Subclasses purchased Annie's Naturals® Products, and have been injured in fact because Annie's Naturals® Products contain at least one ingredient – xanthan gum – that is synthetic.  Plaintiffs and the class members have suffered an ascertainable and out-of-pocket loss.  Plaintiffs and members of the Class and Subclasses seek a refund and/or rescission of the transaction and all further equitable and injunctive relief as provided by applicable law.

5.      Plaintiffs seek relief in this action individually and on behalf of all persons in the United States who purchased Annie's Naturals® Products.  Plaintiff Rosillo also seeks relief in this action individually and on behalf of purchasers of the Annie's Naturals® Products in the state of California for violation of Civil Code §§ 1750, *et seq*., the California Consumer Legal Remedies Act ("CLRA"), Bus. & Prof. Code §§ 17200, *et seq*., California's Unfair Competition Law ("UCL"), and Bus. & Prof. Code §§ 17500, *et seq*., California's False Advertising Law ("FAL"). Plaintiff Kohn also seeks relief in this action individually and on behalf of purchasers of the Annie's Naturals® Products in the state of New York for violation of New York General Business Law ("GBL") §§ 349, New York's Deceptive and Misleading Business Practices Law, and GBL § 350, New York's False Advertising Law.

6.      Plaintiffs also seek relief in this action individually and on behalf of all purchasers of the Annie's Naturals® Products against Annie's Homegrown Inc. for violations of the Magnuson-Moss Warranty Act, breaches of express and implied warranty, fraud, negligent misrepresentation, and unjust enrichment.

**PARTIES**

7.      Plaintiff Lisa Rosillo, is, and at all times relevant to this action has been, a resident of Victorville, California.  Ms. Rosillo has purchased Annie's Naturals® Balsamic Vinaigrette Salad Dressing from a Target store in Apple Valley, California, on or about July of 2016, for approximately $3.50.  While shopping, Ms. Rosillo was specifically interested in purchasing natural salad dressing.  Ms. Rosillo purchased Annie's Naturals® Products based on claims on the Product's label that the Product was "natural."  By reading the representations on the Product's label, she understood that she was purchasing a natural food product.  She would not have purchased Annie's Naturals® Products if the label had not stated the Products were "natural."  She

would not have purchased the Annie's Naturals® Product if she had known the Product contained ingredients that were not in fact natural.  In purchasing Annie's Naturals® Products, Ms. Rosillo paid a price premium over and above other salad dressings that did not purport to be natural.

8.     Plaintiff Jesse Kohn, is, and at all times relevant to this action has been, a resident of Brooklyn, New York.  Mr. Kohn purchased Annie's Naturals® Sesame Ginger Vinaigrette Salad Dressing and Annie's Naturals® Goddess Dressing from a Whole Foods market in Gowanus, Brooklyn, on or about January of 2015 for approximately $3.50 each.  While shopping, Mr. Kohn was specifically interested in purchasing natural salad dressing.  Mr. Kohn purchased Annie's Naturals® Products based on claims on the Product's label that the Product was "natural."  By reading the representations on the Product's labels, he understood that he was purchasing a natural food product.  He would not have purchased Annie's Naturals® Products if the label had not stated the Products were "natural."  He would not have purchased the Annie's Naturals® Product if he had known the Product contained ingredients that were not in fact natural.  In purchasing Annie's Naturals® Products, Mr. Kohn paid a price premium over and above other salad dressings that did not purport to be natural.

9.     Defendant Annie's Homegrown Inc. is a Delaware corporation with its principal place of business at 1610 Fifth Street, Berkeley, CA  94710.

10.     Defendant manufactures, markets, and distributes the Annie's Naturals® Products throughout the United States.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

13.     This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.  Additionally, Defendant's principal place of business is in this District.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District (*e.g.*, the research, development, design, and marketing of Annie's Naturals® Products), and Defendant's principal place of business is in this District.

**COMMON FACTUAL ALLEGATIONS**

**A.     Defendant's False and Misleading Labels and Advertising**

15.     Defendant's labeling and advertising of Annie's Naturals® Products puts forth a straightforward, material message – that the Products are natural.  This core representation regarding the Products is false and misleading because the Products in fact contain ingredients that are synthetic and/or unnatural.

16.     The Products are sold in a variety of outlets, including Target, Stop & Shop, Shop Rite, Kings Supermarket, Fairway Market, Acme Market, Whole Foods, Safeway, Ralphs, Vons, Pavilions, Walmart, and other health food and grocery stores.

17.     The primary focus of Defendant's Annie's Naturals® product line is the claim that the Products are "natural," and are therefore better than non-natural products.  Defendant plasters the Product labels themselves with "natural" representations.  Defendant does so in an effort to capitalize on the growing market for natural products.  Consumers are willing to pay a price premium for products labeled and advertised as natural.

18.      As shown below, the packaging for the Products misrepresents that the Products are "natural."

19.     With regard to all of the Annie's Naturals® Products, Defendant deceptively markets them as "natural."  Defendant makes this claim in two locations upon the front of the packaging and one location on the back of the packaging of all of its Annie's Naturals® Products.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



22      20.      Because Defendant's Products contain synthetic and highly chemically processed

23   ingredients such as xanthan gum, Defendant's labeling of these Products is false and misleading.

24   **B.      Annie's Naturals® Products Contain Ingredients That Are Not Natural**

25      21.      Defendants' representations that their Products are "natural" are false and

26   misleading because each of the Products contains at least one, and in most instances, more than

27   one, ingredient that is synthetic or highly chemically processed.

28

22.     The term "natural" means "existing in nature and not made or caused by people; coming from nature" or "not having any extra substances or chemicals added; not containing anything artificial."   Industry and regulatory definitions of natural are also instructive in defining a reasonable consumer standard.  For example, the National Advertising Division of the Better Business Bureau has found that a "natural" ingredient does not include one that, while "literally sourced in nature (as is every chemical substance), is nevertheless subjected to extensive processing before metamorphosing into the "ingredient that is included in the final product.

23.     The United States Food and Drug Administration ("FDA") has also issued guidance on the term "natural" in the context of food, "as meaning that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food."

24.     The United States Department of Agriculture ("USDA") has issued a Food Standard and Labeling Policy Book (Aug. 2005), which states that the term "natural" may be used on labeling for products that contain processed ingredients only where such ingredients are subjected to "minimal" processing.  The policy recognizes that "[r]elatively severe processes, e.g., solvent extraction, acid hydrolysis, and chemical bleaching would clearly be considered more than minimal processing."  The USDA also defines "nonsynthetic (natural)" as a "substance that is derived from mineral, plant, or animal matter and does not undergo a synthetic process…" 7 C.F.R. § 205.2.  In contrast, the USDA defines "synthetic" as "a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from a naturally occurring plant, animal, or mineral…"  7 U.S.C. § 6502 (21).

25.     All of Defendant's Products contain "Xanthan Gum." Xanthan gum is a thickening agent that, according the FDA regulations, is a synthetic substance.  7 C.F.R. 205.605(b).  Xanthan gum is not "natural" but is instead manufactured through fermentation or carbohydrates and subsequent treatment of the byproduct with isopropyl alcohol.

**C.** **Defendant's False and Misleading Advertising is Likely to Deceive Reasonable Consumers**

26.      Reasonable consumers attach importance to a "natural" claim when making a purchasing decision.  Defendant's false and misleading representations and omissions are thus likely to deceive reasonable consumers.

27.      Reasonable consumers must and do rely on food label representations and information in making purchase decisions.

28.      Defendant's statement that the Annie's Naturals® Products are "Natural" is material to a reasonable consumer's purchase decision because reasonable consumers, such as Plaintiffs, care whether food products contain unnatural, synthetic, and/or artificial ingredients, especially when a product claims to be "Natural."

29.      According to a June 2014 consumer survey conducted by Consumer Reports, more than 8 out of 10 consumers believe that packaged foods carrying the "natural" label should come from food that does not include artificial ingredients (87%) or GMOs (85%).

30.      Defendant markets and advertises the Annie's Naturals® Products as "Natural" to increase sales derived from the Products.  Defendant is well aware that claims of food being "Natural" are material to reasonable consumers.

31.      Upon information and belief, in making the false, misleading and deceptive representations and omissions, Defendant knew and intended that consumers would pay a price premium for the Annie's Naturals® Products if it were labeled "Natural."  Indeed, Defendant prominently marked the front packaging of the Annie's Naturals® Products with the term "Naturals" in all capital letters, and even incorporated the term "Natural" into the name of its brand, precisely because it knew that consumers like Plaintiff attach great importance to the absence of artificial ingredients and synthetic substances in food products.

32.      No reasonable definition of "natural" includes ingredients that are, in fact, synthetic. Given that Defendants' Products include synthetic and/or unnatural ingredients, as detailed above, Defendants' labels and packaging are false and misleading.

33.     Annie's Homegrown Inc. has profited enormously from its false and misleading representation that its Annie's Naturals® Products are natural.  The purpose of this action is to require Defendant to undertake a corrective advertising campaign and to provide consumers with monetary relief for Defendant's deceptive and misleading product claims.

## CLASS REPRESENTATION ALLEGATIONS

34.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased Annie's Naturals® Products (the "Class").  Excluded from the Class are persons who made such purchases for purpose of resale.

35.     Plaintiff Rosillo also seeks to represent a subclass of all Class Members who purchased Annie's Naturals® Products in California (the "California Subclass").

36.     Plaintiff Kohn also seeks to represent a subclass of all Class Members who purchased Annie's Naturals® Products in New York (the "New York Subclass").

37.     At this time, Plaintiffs do not know the exact number of members of the aforementioned Class and Subclasses ("Class Members" and "Subclass Members," respectively); however, given the nature of the claims and the number of retail stores in the United States selling Defendant's Products, Plaintiffs believe that Class and Subclass members are so numerous that joinder of all members is impracticable.

38.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

(a)     whether Defendant misrepresented and/or failed to disclose material facts concerning Annie's Naturals® "Natural" Products;

(b)     whether Defendant's conduct was unfair and/or deceptive;

(c)     whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiffs and the Class;

(d)     whether Defendant violated the Magnuson-Moss Warranty Act;

(e)     whether Defendant breached express warranties to Plaintiffs and the Class;

(f)      whether Plaintiffs and the Class have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

39.      With respect to the California Subclass, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Defendant violated the California Consumer Legal Remedies Act, as well as California's False Advertising law and Unfair Competition law.

40.      With respect to the New York Subclass, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Defendant violated the GBL § 349, Deceptive Acts and Practices Unlawful, as well as GBL § 350, False Advertising.

41.      Plaintiffs' claims are typical of those of the Class because Plaintiffs, like all members of the Class, purchased, in a typical consumer setting, Defendant's Annie's Naturals® Products bearing the natural representations and other representations, and Plaintiffs sustained damages from Defendant's wrongful conduct.

42.      Plaintiffs will fairly and adequately protect the interests of the Class and Subclasses and have retained counsel that is experienced in litigating complex class actions.  Plaintiffs have no interests which conflict with those of the Class or the Subclass.

43.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

44.      The prosecution of separate actions by members of the Class and the Subclasses would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not.  Additionally, individual actions could be dispositive of the interests of the Class and the Subclass even where certain Class or Subclass members are not parties to such actions.

<u>COUNT I</u>

<strong>(Unfair and Deceptive Acts and Practices In Violation of the California Consumers Legal Remedies Act)</strong>

45.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

46.     Plaintiff Rosillo brings this cause of action on behalf of herself and members of the California Subclass.

47.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

48.     Plaintiff Rosillo and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Annie's Naturals® Products for personal, family, or household purposes.

49.     Plaintiff Rosillo, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

50.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

51.     As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff Rosillo and the other members of the California Subclass that the Annie's Naturals® Products were "natural" when they contained unnatural and/or synthetic chemicals.

52.     As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

53.     CLRA § 1782 NOTICE.  On March 30, 2017, a CLRA demand letter was sent to Defendant via certified mail that provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace or other rectify the unlawful, unfair, false and/or deceptive practices complained of herein.  The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed.  Defendant has failed to comply with the letter.  Accordingly, pursuant to

California Civil Code § 1780(a)(3), Plaintiff Rosillo, on behalf of herself and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

**COUNT II**
**(Violations of California's False Advertising Law)**

54.    Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

55.    Plaintiff Rosillo brings this cause of action on behalf of herself and members of the California Subclass.

56.    As alleged more fully above, Defendant has falsely advertised the Annie's Naturals® Products by falsely claiming that they are natural when they are not.

57.    Plaintiff Rosillo and the other members of the California Subclass have suffered injury in fact and have lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*

**COUNT III**
**(Violation California's Unfair Competition Law)**

58.    Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

59.    Plaintiff Rosillo brings this cause of action on behalf of herself and members of the California Subclass.

60.    By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

61.    Defendant has violated the UCL's proscription against engaging in *unlawful* conduct as a result of:

    (a)    its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), as alleged above; and

    (b)    its violations of the FAL, Cal. Bus. & Prof. Code § 17500 *et seq.* as alleged above.

62.    Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

63.     As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Annie's Naturals® Products is likely to deceive reasonable consumers.  Indeed, Plaintiff Rosillo and the other members of the California Subclass were unquestionably deceived regarding the nature of the Annie's Naturals® Products, as Defendant's marketing, advertising, packaging, and labeling of the Products misrepresent and/or omit the true facts concerning the nature of the Annie's Naturals® Products.  Said acts are fraudulent business practices.

64.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

65.     Plaintiff Rosillo and the other California Subclass members suffered a substantial injury by virtue of buying the Annie's Naturals® Products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by virtue of paying a premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled Annie's Naturals® Products.

66.     There is no benefit to consumers or competition from deceptively marketing and labeling the Annie's Naturals® Products, which purport to be "natural," when these unqualified claims are false.

67.     Plaintiff Rosillo and the other California Subclass members had no way of reasonably knowing that the Annie's Naturals® Products they purchased were not as marketed, advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

68.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff Rosillo and the other members of the California Subclass.

69.     Defendant's violations of the UCL continue to this day.

70.     Pursuant to California Business and Professional Code § 17203, Plaintiffs and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

  (a)     provide restitution to Plaintiff Rosillo and the other California Subclass members;

  (b)     disgorge all revenues obtained as a result of violations of the UCL; and

  (c)     pay Plaintiffs' and the California Subclass' attorneys' fees and costs.

## COUNT IV
### (Violation Of The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)

71.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

72.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

73.     The Annie's Naturals® Products are consumer products as defined in 15 U.S.C. § 2301(1).

74.     Plaintiffs and members of the Class and Subclasses are consumers as defined in 15 U.S.C. § 2301(3).

75.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

76.     In connection with the sale of Annie's Naturals® Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), by making express warranties that the Products are "natural."

77.     The Annie's Naturals® Products do not conform to the express warranties because each of the express warranties is false and misleading.  In fact, the Products contain unnatural and/or synthetic ingredients, including xanthan gum.

78.     By reason of Defendant's breaches of warranty, Defendant violated the statutory rights due Plaintiffs and members of the Class and Subclasses pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiffs and members of the Class and Subclasses.

79.     Plaintiffs and members of the Class and Subclasses were injured as a direct and proximate result of Defendant's breach because they would not have purchased the Annie's Naturals® Products if they knew the truth about the unnatural and/or synthetic ingredients in the product.

## COUNT V
### (Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)

80.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

81.     Plaintiff Kohn brings this claim individually and on behalf of the members of the New York Subclass against Defendant.

82.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that Annie's Naturals® Products were "natural."

83.     The foregoing deceptive acts and practices were directed at consumers.

84.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of Annie's Naturals® Products to induce consumers to purchase same.

85.     Plaintiff Kohn and Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Annie's Naturals® Products had they known that it contained synthetic and/or unnatural ingredients, and thus it was not "natural," (b) they overpaid Annie's Naturals® Products because they are sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Annie's Naturals® Products did not have the characteristics, uses, or benefits as promised, namely that they were "natural."  As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the Annie's Naturals® Products or in the difference in value between Annie's Naturals® Products as warranted and Annie's Naturals® Products as actually sold.

86.     On behalf of himself and other members of the New York Subclass, Plaintiff Kohn seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VI
### (False Advertising, New York Gen. Bus. Law § 350)

87.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

88.     Plaintiff Kohn brings this claim individually and on behalf of the members of the proposed New York Subclass.

89.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the nature of the ingredients contained in Annie's Naturals® Products.

90.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

91.     This misrepresentation has resulted in consumer injury or harm to the public interest.

92.     Plaintiff Kohn and Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Annie's Naturals® Products had they known that it contained synthetic and/or unnatural ingredients, and thus it was not "natural," (b) they overpaid Annie's Naturals® Products because they are sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Annie's Naturals® Products did not have the characteristics, uses, or benefits as promised, namely that they were "natural."  As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the Annie's Naturals® Products or in the difference in value between Annie's Naturals® Products as warranted and Annie's Naturals® Products as actually sold.

93.     On behalf of himself and other members of the New York Subclass, Plaintiff Kohn seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VII
### (Breach Of Express Warranty)

94.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

95.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

96.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that the Annie's Naturals® Products were "natural."

97.     In fact, the Annie's Naturals® Products contain unnatural and/or synthetic ingredients, such as xanthan gum.

98.     As a direct and proximate cause of Defendant's breach of express warranty, Plaintiffs and Class members have been injured and harmed because they would not have purchased the Annie's Naturals® Products if they knew the truth about the product and its unnatural and/or synthetic ingredients.

## COUNT VIII
### (Breach Of Implied Warranty Of Merchantability)

99.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

100.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

101.    Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the Annie's Naturals® Products were "natural."

102.    Defendant breached the warranty implied in the contract for the sale of the Annie's Naturals® Products because the goods were not "adequately contained, packaged, and labeled as the agreement may require," and the goods did not "conform to the promise or affirmations of fact made on the container or label." *See* U.C.C. § 2-314(2) (listing requirements for merchantability). As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

103.   Plaintiffs and Class members purchased the Annie's Naturals® Products in reliance upon Defendant's skill and judgment in properly packaging and labeling the Annie's Naturals® Products.

104.   The Annie's Naturals® Products were not altered by Plaintiffs or Class members.

105.   The Annie's Naturals® Products were defective when it left the exclusive control of Defendant.

106.   Defendant knew that the Annie's Naturals® Products would be purchased and used without additional testing by Plaintiffs and Class members.

107.   The Annie's Naturals® Products were defectively designed and unfit for its intended purpose, and Plaintiffs and Class members did not receive the goods as warranted.

108.   As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiffs and Class members have been injured and harmed because they would not have purchased the Annie's Naturals® Products if they knew the truth about the products, and that they contain unnatural and/or synthetic ingredients.

## COUNT IX
### (Unjust Enrichment)

109.   Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

110.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

111.   Plaintiffs and Class members conferred benefits on Defendant by purchasing the Annie's Naturals® Products.

112.   Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' purchases of the Annie's Naturals® Products.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that the Annie's Naturals® Products were "natural."  These misrepresentations caused injuries to Plaintiffs and Class members because they would not have purchased the Annie's Naturals® Products if the true facts were known.

113.    Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the Court.

## COUNT X
### (Negligent Misrepresentation)

114.    Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

115.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

116.    As discussed above, Defendant misrepresented that the Annie's Naturals® Products were "natural."

117.    At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

118.    At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about the Annie's Naturals® Products.

119.    The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase the Annie's Naturals® Products.

120.    Plaintiffs and Class members would not have purchased the Annie's Naturals® Products if the true facts had been known.

121.    The negligent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT XI
### (Fraud)

122.    Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

123.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

124.   As discussed above, Defendant provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about the Annie's Naturals® Products, including but not limited to the fact that the Products contain unnatural and harmful ingredients.

125.   The misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase the Annie's Naturals® Products.

126.   The fraudulent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a.   For an order certifying the nationwide Class and the Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclasses and Plaintiffs' attorneys as Class Counsel to represent the members of the Class and Subclasses;

b.   For an order declaring the Defendant's conduct violates the statutes referenced herein;

c.   For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

d.   For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded;

f.   For an order of restitution and all other forms of equitable monetary relief;

g.   For an order requiring Defendant to undertake a corrective advertising campaign;

h.   For injunctive relief as pleaded or as the Court may deem proper; and

i.   For an order awarding Plaintiffs and the Class and Subclasses their reasonable attorneys' fees and expenses and costs of suit.

1

## **DEMAND FOR TRIAL BY JURY**

2

      Plaintiffs demand a trial by jury of all issues so triable.

3

4

Dated:  May 1, 2017                             Respectfully submitted,

5

6

                                           **BURSOR & FISHER, P.A.**

7

8

                                         By:_____*/s/ L. Timothy Fisher*_____
                                                    L. Timothy Fisher

9

                                         L. Timothy Fisher (State Bar No. 191626)
                                         1990 North California Blvd., Suite 940

10

                                         Walnut Creek, CA  94596

11

                                         Telephone: (925) 300-4455
                                         Facsimile: (925) 407-2700

12

                                         Email: ltfisher@bursor.com

13

                                         **BURSOR & FISHER, P.A.**

14

                                         Scott A. Bursor (State Bar No. 276006)
                                         888 Seventh Avenue

15

                                         New York, NY  10019
                                         Telephone: (212) 989-9113

16

                                         Facsimile:  (212) 989-9163
                                         E-Mail: scott@bursor.com

17

18

                                         *Counsel for Plaintiffs*

19

20

21

22

23

24

25

26

27

28

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

1.      I am counsel for Plaintiffs, and I am a partner at Bursor & Fisher, P.A.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.      The complaint filed in this action is filed in the proper place for trial because a substantial portion of the transaction occurred in this District, in that Defendant Annie's Homegrown, Inc. has its principal place of business in this District.

3.      Plaintiff Lisa Rosillo alleges that she purchased her Annie's Naturals Salad Dressing Product for household use from a Target retail store in California.  She alleges that when she purchased her Annie's Naturals Salad Dressing Product, she relied on Defendant's representation that the product was "natural."  She understood that representation to mean that the Annie's Naturals Salad Dressing Product did not contain unnatural, synthetic chemicals.

4.      Plaintiff Rosillo alleges that Defendant's misrepresentation of its Salad Dressing Product was an immediate cause of her decision to purchase Defendant's Product.  She alleges that in all reasonable probability that she would not have agreed to purchase the Salad Dressing Product, or she would have sought materially different terms, had she known that Defendant's representations were false and misleading.

5.      Plaintiff Rosillo alleges that Defendant's "natural" representation concerning its Salad Dressing Product played a substantial part, and so had been a substantial factor in, her decision to purchase the Salad Dressing Product.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on May 1, 2017 at Walnut Creek, California.

_____
L. Timothy Fisher

**EXHIBIT A**

**Annie's Naturals® Salad Dressing Products:**

- Goddess Dressing
- Shiitake & Sesame Vinaigrette
- Lite Raspberry Vinaigrette
- Lite Honey Mustard Vinaigrette
- Organic Cowgirl Ranch Dressing
- Organic Red Wine & Olive Oil Vinaigrette
- Organic Thousand Island Dressing
- Organic Shiitake & Sesame Vinaigrette
- Organic Sesame Ginger Vinaigrette
- Organic Roasted Garlic Vinaigrette
- Organic Papaya Poppy Seed Dressing
- Organic Oil & Vinegar
- Organic Green Goddess Dressing
- Organic Green Garlic Dressing
- Organic Goddess Dressing
- Organic French Dressing
- Roasted Red Pepper Vinaigrette
- Organic Caesar Dressing
- Organic Balsamic Vinaigrette
- Organic Asian Sesame Dressing
- Organic Creamy Asiago Cheese Dressing
- Lite Italian Dressing
- Woodstock Dressing
- Fat Free Raspberry Balsamic Vinaigrette
- Lemon Chive Vinaigrette
- Lite Goddess Dressing
- Lite Gingerly Vinaigrette
- Tuscany Italian Dressing
- Lite Poppy Seed Dressing
- Cowgirl Ranch Dressing
- Balsamic Vinaigrette
- Artichoke Parmesan Dressing
- Organic Chile Lime Vinaigrette
- Organic Smoky Tomato Dressing