| | |
|---|---|
| **PERKINS COIE LLP**<br>David T. Biderman (Bar No. 101577)<br>DBiderman@perkinscoie.com<br>Kristine Kruger (Bar No. 253593)<br>KKruger@perkinscoie.com<br>505 Howard Street, Suite 1000<br>San Francisco, CA 94105-3204<br>Telephone: 415.344.7000<br>Facsimile: 415.344.7050 | **BURSOR & FISHER, P.A.**<br>L. Timothy Fisher (State Bar No. 191626)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-44<br>Facsimile: (925) 407-2700<br>E-Mail:  ltfisher@bursor.com |
| **PERKINS COIE LLP**<br>Charles C. Sipos (*pro hac vice*)<br>CSipos@perkinscoie.com<br>Mica D. Simpson (*pro hac vice*)<br>MSimpson@perkinscoie.com<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000 | **BURSOR & FISHER, P.A.**<br>Scott A. Bursor (State Bar No. 276006)<br>888 Seventh Avenue<br>New York, NY  10019<br>Telephone: (646) 837-7150<br>Facsimile:  (212) 989-9163<br>E-Mail: scott@bursor.com |
| *Counsel for Defendants*<br>*Annie's Homegrown, Inc., and*<br>*General Mills, Inc.* | *Counsel for Plaintiffs* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LISA ROSILLO and JESSE KOHN, individually, and on behalf of those similarly situated,<br><br>                 Plaintiffs,<br><br>   v.<br><br>ANNIE'S HOMEGROWN, INC. and GENERAL MILLS, INC.,<br><br>                 Defendants. | Case No. 4:17-cv-02474-JSW<br><br>**JOINT STATUS REPORT RE: STAY** |

-1-

Pursuant to the Court's January 26, 2018, Order Continuing Stay and Requiring Joint Status Report (ECF No. 50), Plaintiffs Lisa Rosillo and Jesse Kohn ("Plaintiffs") and Defendants Annie's Homegrown, Inc. and General Mills, Inc. ("Defendants") submit this Joint Status Report to advise the Court of their respective positions on whether the stay currently in place in this matter should continue.[1] Each party's position is set forth below.

**PLAINTIFF'S POSITION**

There has been no indication whatsoever since the Court's last Order that any rulemaking is forthcoming. This case has been on file since May 1, 2017. The Court and the parties cannot wait indefinitely. *See, e.g.*, 1/26/18 Order (stating that the Court "will not indefinitely stay this case on the hope that Congress or the FDA will eventually, at some unknown point in time, have something to say on this issue. In July 2018 . . . over two years will have elapsed since the comment period closed. The Court will be disinclined to continue the stay beyond July 2018 unless the FDA has made some indication that the regulatory process is close to completion."). Because the FDA has not indicated that the regulatory process is close to completion, Plaintiffs respectfully request that the Court lift the stay currently in place.

---

[1] A related case, *Campbell v. Annie's Homegrown, Inc*. (Case No. 17-cv-07288-JSW) is currently pending before this Court. The *Campbell* matter is stayed on the same basis as this action.

-2-

JOINT STATUS REPORT RE: STAY
Case No. 17-cv-02474-JSW
140542193

**DEFENDANTS' POSITION**

In the past year, the Commissioner of the U.S. Food and Drug Administration ("FDA") has on three separate instances confirmed that the agency is actively exploring regulation of "natural" claims on food products, assuring the public most recently that the agency "will have more to say on the issue soon." In light of the Commissioner's recent assurances that the FDA has not tabled regulation of "natural" claims, but rather has made it a top agency priority which nears completion, Defendants respectfully request that the Court continue to stay this action in deference to the FDA's regulatory process.

**A.     FDA Action on Regulation of "Natural" Claims**

When the FDA's comment period concerning use of "natural" claims on food labeling closed on May 10, 2016, the agency faced review of 7,690, comments, during the midst of which a change in administration and leadership within the agency would take place. While during the months following closure of the comment period the FDA did not offer public statements about the work it was performing, the agency's Commissioner, Dr. Scott Gottlieb, has in recent months repeatedly assured the public that regulation of "natural" is a priority at the FDA and that the agency will speak to the issue "soon."

The FDA's assurances have been unambiguous: the Agency is working to address "natural" claims, and the regulatory process is now in its final stages. First, in October, 2017, Commissioner Gottlieb confirmed "[the FDA] is looking at how to define 'healthy' and 'natural' more uniformly."[2] Then, in February of this year, the Commissioner acknowledged in an emailed statement to the New York times that "[w]e recognize that consumers are trusting in products labeled 'natural' without clarity around the term," and further assured the public that "Consumers have called upon the F.D.A. to help define the term 'natural' and we take the responsibility to provide this clarity seriously. We will have more to say on the issue soon."[3]

---

[2] Heather Haddon, FDA Commissioner Wants Closer Look at Health Claims on Packaging, Wall Street Journal (Oct. 10, 2017), https://www.wsj.com/articles/fda-commissioner-wants-closer-look-at-health-claims-on-packaging-1507673335.

[3] Julie Creswell, Is it 'Natural'? Consumers, and Lawyers, Want to Know, The New York Times (Feb. 16, 2018), https://www.nytimes.com/2018/02/16/business/natural-food-products.html

And most recently, in March 2018, Commissioner Gottlieb highlighted the Agency's work on "natural" claims during his keynote address at the National Food Policy Conference.[4] The Commissioner's full remarks are as follows:

> In late 2015, we sought feedback from consumers and the industry on whether FDA should define and regulate the word "natural" on food labeling. More than 7,600 comments came in, and we've reviewed them. It's clear that consumers increasingly want to know what is in the food they eat and whether it is "natural."
>
> We recognize that consumers are trusting in products labeled as "natural" without clarity around the term.
>
> Just like other claims made on products regulated by FDA, we believe the "natural" claim must be true and based in science.
>
> At the same time, we know that there are wide differences in beliefs regarding what criteria should apply for products termed "natural" -- and some of those criteria aren't based on public health concerns.
>
> We'll have more to say on the issue soon.[5]

These remarks, coupled with consistent messaging from the Agency over the past year, confirm regulation of "natural" is not shelved indefinitely at the FDA. To the contrary, the FDA recognizes the immense public interest in use of this term on food labeling, and is poised to act "soon."

**B.   The Court Should Continue to Stay This Action in Deference to the FDA**

Primary jurisdiction doctrine compels that if a plaintiff's claim implicates technical and policy questions that should be addressed in the first instance by an agency with regulatory authority over the relevant industry, the judicial branch should stand down. *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). This Court has already concluded that all of the elements that compel application of primary jurisdiction apply to this case and favor that it be stayed pending FDA guidance regarding "natural" claims. *See* Order Staying Case and Denying Motion to Dismiss Without Prejudice (Oct. 17, 2017) (ECF No. 46) ("Stay Order") at 3-6. Indeed, the only real question that has been put to the Court over the past year is not whether this case

---

[4] Remarks by Scott Gottlieb, M.D., National Food Policy Conference, Washington, DC (Mar. 29, 2018), available at https://www.fda.gov/NewsEvents/Speeches/ucm603057.htm

[5] *Id.*

-4-

JOINT STATUS REPORT RE: STAY
Case No. 17-cv-02474-JSW
140542193

should be stayed, but for how long. While Defendants can appreciate the Court's hesitance to impose an indefinite stay (and do not ask the Court to do so), there are salient reasons to continue the stay for the time being in light of the FDA's recent public assurances that "natural" claims will be addressed soon.

First and foremost, there can no longer be any real dispute that the FDA is, in fact, doing its due diligence to review the thousands of comments regarding "natural" it received and synthesize those comments into a cohesive national policy, or, at minimum, an Agency response. Indeed, the Agency's head has in March of this year confirmed its review of public comments is complete and that the Agency will speak to natural claims "soon." *See* Note 4, supra. In the midst of this activity and imminent FDA action, there is no cogent reason to begin litigation now over the precise issue the FDA is poised to address.

Moreover, there is no question that this case, and the hundreds of other "natural" cases pending on the federal docket, will benefit from the uniformity that federal FDA guidance will offer. As this Court recognized in its prior Stay Order, "[a]waiting guidance from the FDA on the use of the term 'natural' on food labels will help ensure that there are not conflicting judicial rulings, indirectly resulting in a patchwork of disclosure requirements which would require manufacturers to print different labels for different states." Stay Order at 6. Put differently, Agency guidance is especially necessary here because "there are wide differences in beliefs regarding what criteria should apply for products termed 'natural' -- and some of those criteria aren't based on public health concerns." *See* Note 4, supra.

For these reasons, Defendants request that the Court continue to stay this action in deference to the FDA. Defendants recognize the Court's direction that it would be "disinclined to continue the stay beyond July 2018 unless the FDA has made some indication that the regulatory process is close to completion," but now the FDA has done just that. *See* Order Continuing Stay and Requiring Joint Status Report (January 26, 2018) (ECF No. 50) at 1; Section A, *supra*.

-5-

JOINT STATUS REPORT RE: STAY
Case No. 17-cv-02474-JSW
140542193
---

-5-

JOINT STATUS REPORT RE: STAY
Case No. 17-cv-02474-JSW
140542193

DATED: July 27, 2018

**PERKINS COIE LLP**

By: *s/ Mica D. Simpson*
Mica D. Simpson (*pro hac vice*)
MSimpson@perkinscoie.com
Charles C. Sipos (*pro hac vice*)
CSipos@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

David T. Biderman (Bar No. 101577)
DBiderman@perkinscoie.com
Kristine Kruger (Bar No. 253593)
KKruger@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

*Counsel for Defendants Annie's Homegrown, Inc., and General Mills, Inc.*

DATED: July 27, 2018

**BURSOR & FISHER, P.A.**

By: *s/ Lawrence Timothy Fisher*
Lawrence Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: 925.300.4455
Facsimile: 925.407.2700
ltfisher@bursor.com

Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiffs Lisa Rosillo and Jesse Kohn*

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories to this document concur in its filing.

Dated: July 27, 2018                              */s/ Mica D. Simpson*

JOINT STATUS REPORT RE: STAY    -1-
Case No. 4:17-cv-02474-JSW
140543824