UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ROSILLO, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ANNIE'S HOMEGROWN INC., et al.,<br><br>  Defendants. | Case No. 17-cv-02474-JSW<br><br>**ORDER CONTINUING STAY** |

On October 17, 2017, the Court issued an Order staying this case in light of the Food and Drug Administration's ("FDA") ongoing regulatory proceedings addressing the term "natural" on food labels. (Dkt. No. 46.) On January 19, 2018, pursuant to this Court's Order, the parties filed a joint status report addressing the status of the FDA's regulatory process and stating their respective positions on continuing the stay. (Dkt. No. 48.) The Court considered the parties' positions and issued an Order continuing the stay. (Dkt. No. 50.) In that Order, the Court directed the parties to submit a further joint status report within two weeks of the FDA's completing the regulatory process or by July 27, 2018, whichever came first. (*Id.*) The FDA having not completed its regulatory process by July 27, 2018, the parties submitted a joint case management statement. (Dkt. No. 51.) Unsurprisingly, the defendants wanted to continue the stay, while the plaintiffs wanted the stay lifted. (*See id.*)

On January 2, 2019, the plaintiffs filed an additional status report indicating that the FDA had yet to complete its regulatory process; this prompted the Court to issue an Order directing the defendants to respond. (Dkt. Nos. 52, 53.) The defendants filed a status report on January 9, 2019. (Dkt. No. 54.) Attached to that status report was a letter from an FDA representative, dated December 19, 2018, stating both that the "FDA recognizes this is an important matter for

consumers and the food industry" and that the FDA was "actively working" on the issue and in 2019, "plans to publicly communicate next steps regarding Agency policies related to "natural." (Dkt. No. 54-1.) (This letter is publicly-available on the docket of another case involving the term "natural" that has been stayed pending FDA rulemaking. *See In re Kind LLC "Healthy and All Natural" Litig.*, No. 15-md-2645 (S.D.N.Y.) (December 20, 2018).

The Court's reasoning in its January 26, 2018 order still stands. (*See* Dkt. No. 50.) In that Order, the Court stated that it would "be disinclined to continue the stay beyond July 2018 unless the FDA has made some indication that the regulatory process is close to completion." (Id.) The December 19th letter serves precisely this purpose. In light of this missive, the Court concludes it would not be prudent to lift the stay at this time.

The parties are ordered to file a further joint status report within two weeks of the FDA completing the regulatory process or by July 29, 2019, whichever comes first. In this joint status report, the parties shall indicate their respective positions on whether the stay should continue or, if the FDA has released regulatory guidance on the term "natural," the effect of that guidance on this case. The Court reiterates its earlier position than an indefinite stay is untenable. However, given the FDA's telegraphing (to a member of Congress, no less) impending developments in 2019, the Court concludes it is wise to await the FDA's heralded potential guidance.

IT IS SO ORDERED.

Dated: January 9, 2019

_____
JEFFREY S. WHITE
United States District Judge