UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ROSILLO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ANNIE'S HOMEGROWN INC., et al.,<br><br>    Defendants. | Case No. 17-cv-02474-JSW<br><br>**ORDER CONTINUING STAY** |

On October 17, 2017, the Court stayed[1] this action in light of the Food and Drug Administration's ("FDA") "ongoing regulatory process regarding the use of the term 'natural' on food labeling." (Dkt. No. 46.) The Court has three times continued this stay. (Dkt. No. 50, 55, 57.) The Court continued the stay twice in 2019, noting there was evidence the FDA was "actively working" on the issue. For example, a December 19, 2018 letter to Congress from an FDA representative indicated that the FDA had planned to communicate "next steps" regarding its policies related to the term "natural" in 2019. The Court also explained that it would not stay the case indefinitely.

2019 has come and gone, and the FDA's comment period for the term "natural" closed on May 10, 2016—three years and nine months ago. The FDA's glacial pace notwithstanding, the Court cannot set aside the simple fact that the FDA's ultimate decision concerning the term "natural" will draw on technical and policy expertise specific to that agency. Further, FDA statements issued in late September of 2019 demonstrate the FDA is still actively working on the

---

[1] The Court also stayed related matter *Campbell v. Annie's Homegrown, Inc., et al.*, 17-cv-2588-JSW.

term "natural."  With even this slight indication that a decision or guidance is forthcoming, and consistent with the practice of other district courts in the Northern District of California and elsewhere, it is prudent to continue the stay.

The parties are to submit a joint status report no later than November 20, 2020.  If the FDA issues its decision or publishes guidance concerning the term "natural," the parties shall inform the Court no later than seven days following the publication of the same.

Finally, if, at any time, the Court becomes convinced that the FDA's "apparently imminent resolution" of the "natural" issue is "illusory," the Court will exercise its discretion and lift this stay.  *See Kane v. Chobani, LLC*, 645 F. App'x 593, 595 n.1 (9th Cir. 2016) (citation omitted).  By November 20, 2020, absent indications from the FDA that a decision is forthcoming by the end of 2020, the Court will strongly consider lifting the stay.

**IT IS SO ORDERED.**

Dated: February 5, 2020

_____
JEFFREY S. WHITE
United States District Judge